## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BERTHA M. HILLMAN, ET AL.** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **CAUSE NO. 1:10CV229 LG-RHW** |
| | § | |
| **EMERSON P. LOGA, III, ET AL.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING
## EMERSON P. LOGA, III'S MOTION TO DISMISS

BEFORE THE COURT is the Motion [17] to Dismiss Defendant, Emerson P. Loga, III, for Lack of Jurisdiction.[1]  The Plaintiffs filed a response and Loga filed a reply.  In addition, Loga filed a Motion to Strike [31] Plaintiffs response.  After due consideration of the submissions and the relevant law, it is the Court's opinion that it has subject matter jurisdiction of this cause.  The Motion to Dismiss will therefore be denied.  The Motion to Strike is rendered moot.

### FACTS AND PROCEDURAL HISTORY

The Plaintiffs are purchasers in a condominium project that was to be constructed in Henderson Point, Mississippi by Lacote, LLC, a Mississippi Limited Liability Company.  The Defendants are the members of Lacote, LLC.  Plaintiffs allege that after they paid deposits to Defendants, their condominium units were never completed and the project was foreclosed upon.  They allege violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, *et seq*., and seek return of their deposits, pre- and post-judgment interest, and attorneys' fees and costs.

---

[1] Loga filed an Amended Motion to Dismiss [19] as well, but it consisted only of additional attachments related to the parties' earlier state court litigation.

Loga notes that these Plaintiffs sued him, the other members of the LLC, and the LLC itself, in Harrison County Chancery Court in 2009. The action was transferred to Circuit Court, where the parties conducted discovery and the defendants filed motions to dismiss. LaCote, LLC apparently filed for bankruptcy protection, causing the Plaintiffs to voluntarily dismiss the individual defendants and amend their complaint to name only LaCote. The Circuit Court case is now subject to a bankruptcy stay.

In this action, the Plaintiffs allege jurisdiction against the individual Defendants pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1). Loga argues that subject matter jurisdiction does not exist because: 1) the Plaintiffs' ILSFDA claim is meritless, and therefore they have failed to allege a federal question; and 2) Plaintiffs waived their right to federal jurisdiction when they voluntarily dismissed their identical state court action.

Federal Question Jurisdiction

The ILSFDA is an anti-fraud statute that uses disclosure as its primary tool to protect purchasers from unscrupulous sales of undeveloped home sites. *Winter v. Hollingsworth Props., Inc.*, 777 F.2d 1444, 1446-47 (11th Cir. 1985). Under the ILSFDA, it is unlawful to sell any lot not exempted unless the seller complies with certain disclosure requirements, including disclosure of a property report prior to the purchaser signing a contract. 15 U.S.C. § 1703(a). There is an "improved lot" exemption, which completely exempts from the ILSFDA "the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial

building or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years."  15 U.S.C. § 1702(a)(2). Loga asserts that this provision exempted the project at issue from ILSFDA disclosure requirements.  He therefore concludes that the Plaintiffs have not stated a federal question, and as a result, the Court has no subject matter jurisdiction.

In general, where subject matter jurisdiction is being challenged, the Court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.  *Montez v. Dept of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).  "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*.  In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case.  *Id*.  However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, the Fifth Circuit has held that the trial court must assume jurisdiction and proceed to the merits.  In circumstances where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56.  *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981); *see also Daigle v. Opelousas Health Care, Inc*., 774 F.2d 1344, 1347 (5th Cir. 1985).

-3-

Loga challenges whether the Plaintiffs have *alleged* a federal question.  In addition, he complains that in their response, the Plaintiffs made "an effort to set forth their factual position as to the merits of the case.  This was an improper use of the Brief in response to a Rule 12 Motion and should be stricken."  Def. Mot. to Strike 2. It is apparent that Loga does not seek summary judgment, making an analysis under the 12(b)(6) standard appropriate.

Under Fed. R. Civ. P. 12(b)(6), the Court is to examine only the allegations of the complaint for their legal sufficiency.  The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007).  The Complaint in this case alleges that the "Defendants committed violations of 15 U.S.C. § 1701 et seq." by entering into purchase agreements that "failed to contain any reference to the seven (7) day right of rescission required under 15 U.S.C. § 1703(b)" and that "contained an illusory obligation Defendants were to complete the Project in January 2009 and February 2009, respectively."  Compl. 3 (¶13), 5 (¶¶23, 24).

In the Court's opinion, these allegations adequately state a cause of action under the ILSFDA so as to invoke the Court's federal question jurisdiction.  If the claims lack merit, the Defendants may challenge them by way of a properly supported summary judgment motion.  *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

<u>Waiver</u>

Loga also asserts that by litigating their claims against him in Harrison County Circuit Court for two years, Plaintiffs voluntarily waived their right of removal to

federal court.  However, this case originated in this Court, making the law related to removal inapplicable.  Furthermore, any prior litigation, regardless of the forum, does not affect the existence of federal question jurisdiction.

<u>The Motion to Strike</u>

Loga objected to the timeliness and content of Plaintiffs' response to his Motion to Dismiss.  He has withdrawn his objection to timeliness.  The Court has subsumed his objections to the content in its discussion of the appropriate legal standard. Accordingly, the Motion to Strike is now moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [17] to Dismiss Defendant, Emerson P. Loga, III, for Lack of Jurisdiction is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [31] to Strike is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2010.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE